UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TANK HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-713-JAR |
| | ) | |
| BRIAN K. BELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel the Deposition of Brian Keith Bell and Scarlett Morgana Bell Revocable Living Trust Dated June 22, 2007 ("Motion"; ECF No. 39).

Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." In the Motion, Plaintiff seeks to take the deposition of the designee of the Brian Keith Bell and Scarlett Morgana Bell Revocable Living Trust (the "Trust") pursuant to Fed.R.Civ.P. 30(b)(6). Plaintiff notes that the advisory committee notes to Rule 30(b)(6) provide that "the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization" and afford that a "business trust" is subject to Rule 30(b)(6). (Motion, ¶4; Memorandum in Support fo Plaintiff's Motion to Compel the Deposition of Brian Keith Bell and Scarlett Morgana Bell Revocable Living Trust Dated June 22, 2007, ECF No. 40, p. 3).

In response, Defendants assert that Rule 30(b)(6) does not apply to the Trust because it is a family trust, not a business trust. (Defendants' Opposition to Plaintiff's Motion to Compel the Deposition of Brian Keith Bell and Scarlett Morgana Bell Revocable Living Trust Dated June 22,

2007 ("Response"), ECF No. 42, pp. 2-3).  Defendants note that "[a] trust is not a legal entity" Farris v. Boyke, 936 S.W.2d 197, 200 (Mo. Ct. App. 1996) and, therefore, not subject to Rule 30(b)(6).

First, the Court holds that the Trust is a family, not a business, trust.  The stated purpose of the Trust was to benefit "the Grantor's loved ones" and to "avoid probate".  (Response, p. 5).  The mere fact that the Trust owned and sold stock does not transform it into a business trust.  In contrast, the cases cited by Plaintiff primarily involve business trusts.  See In re Kenneth Allen Knight Trust, 1, 680 (6th Cir. 2002)(holding that the primary purpose of the trust was to transact business or carry on commercial activity for the benefit of investors); Taylor v. Shaw, No. 2:04-cv-01668-LDG-LRL, 2007 U.S. Dist. LEXIS 16305 (D. Nev. Mar. 5, 2007)(involving a pension/welfare fund).

Based upon the foregoing, the Court finds that the Trust, as a family trust, is not an "entity" subject to Rule 30(b)(6).  See Farris, 936 S.W.2d at 200.  The Court denies Plaintiff's Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel the Deposition of Brian Keith Bell and Scarlett Morgana Bell Revocable Living Trust Dated June 22, 2007 [39] is **DENIED**.

Dated this 2nd day of August, 2012.

                                                                                    _____
                                                                                    JOHN A. ROSS
                                                                                    UNITED STATES DISTRICT JUDGE