UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TANK HOLDINGS, | ) |
| | ) |
| Plaintiff, | ) No. 4:12-CV-713 JAR |
| | ) |
| v. | ) |
| | ) |
| BRIAN KEITH BELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff/Counterclaim-Defendant Tank Holdings, Inc.'s Motion to Compel Discovery and Production of Documents ("Motion to Compel"; ECF No. 60). This matter is fully briefed and ready for disposition.

### BACKGROUND

In this case, Plaintiff/Counterclaim-Defendant Tank Holdings, Inc. ("Tank Holdings") asserts that Defendants misrepresented the profitability of companies (the "Acquired Companies") that Plaintiff purchased from Defendants/Counterclaim-Plaintiffs Brian Bell and Scarlett Bell (collectively, the "Bell Defendants"). In the Motion to Compel, Tank Holdings seeks production of the personal tax returns of Brian Bell and Defendants Chris Slinkard and Shawnna Slinkard (collectively, the "Slinkard Defendants"), as well as the Slinkard Defendants' communications with the Bell Defendants regarding preparation of their tax returns..

### STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 26(b)(1), the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending

action...." "Although federal courts generally resist discovery of tax returns, a showing of good cause can lead a court to decide tax returns are discoverable." Sowers v. Gatehouse Media Missouri Holdings, Inc., 4:08CV633 TIA, 2009 WL 1106946, at *1 (E.D. Mo. Apr. 23, 2009)(citations omitted). To determine whether disclosure of tax returns is appropriate, most courts apply a two-part test. First, the court must determine whether the tax returns are relevant. Sowers, 2009 WL 1106946, at *1; Nixon v. Enter. Car Sales Co., 4:09CV1896 HEA, 2011 WL 1627170, at *2 (E.D. Mo. Apr. 26, 2011). If so, then the question becomes whether there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable from another source. Id.

**DISCUSSION**

A. Brian Bell's Tax Returns

Tank Holdings contends that it is entitled to know the pre-closing profitability of the Acquired Companies, which includes Bell Ventures, LLC ("Bell Ventures"). (Memorandum in Response to Defendants' Opposition to Plaintiff's Motion to Compel Discovery and Production of Documents ("Reply"), ECF no. 104, p. 2). Tank Holdings asserts that Brian Bell's tax returns are relevant because one of the Acquired Companies, Bell Ventures, was treated as a pass through entity for tax purposes and did not file its own tax returns. Tank Holdings believes that Bell Ventures' profitability will be shown on Brian Bell's tax returns. Tank Holdings asserts that the balance sheets provided by Defendants are not a substitute for production of Brian Bell's tax returns, which indicate the profitability as reported to the IRS. (Id.). Tank Holdings claims that it should be permitted to compare Bell Venture's profitability as reported to the IRS with the figures Defendants provided to Tank Holdings. (Id.).

In addition, Tank Holdings contends that the Brian Bell's tax returns will show whether the Bell Defendants reduced the gain they reported from the sale of the Acquired Companies by the amount of the $2.45 million in "loans" made to the Slinkard Defendants, or whether the Bell Defendants submitted a gift tax form to the IRS. (Reply, p. 1). The Slinkards admit that the Bell Defendants have never demanded payment on the loans. (Reply, p. 3). Tank Holdings claims that the Bell Defendants' tax returns may dispute Defendants' assertions that the $2.45 million given to the Slinkards was a loan and not a gift, particularly if the Bell Defendants' tax returns show either (1) the Bell Defendants reduced their reported gains on the sale of the Acquired Companies by the amount of the "loans," which would suggest the payments were not loans; or (2) the Bell Defendants filed a gift tax form relating to the "loans," which also would demonstrate that the loans were gifts.

In response, Defendants assert that the Brian Bell's personal tax returns and related documents are not relevant to the subject matter of this case. Bell Ventures was a holding company which owned 100% of the other operating Acquired Companies. Defendants contend that the profitability of the operating companies, not Bell Ventures, is relevant to this case. Defendants contend that, because the other operating Acquired Companies determined profitability, "Bell Ventures' reportable taxable income has little if any relevance to any issues in this case[.]" (Defendants' Opposition to Plaintiff's Motion to Compel ("Response"), ECF No. 65, p. 3).

Defendants also maintain that Tank Holdings already has the information they seek in the Motion to Compel. Defendants claim that Tank Holdings has documents showing the pre-closing profitability of the Acquired Companies. (Response, p. 3). Defendants assert that they provided the Balance Sheets as well as the Combined Income Statements and Statements of

Retained Earnings for the Acquired Companies from 2003 until the close of the sale on December 20, 2010. (Response, p. 4). Included in these financial statements were the closing financial statements for Bell Ventures. Thus, Defendants claim that Tank Holdings is disingenuous when it states that it needs the tax returns of the Bell Defendants to obtain information related to the profitability of the Acquired Companies. (Response, p. 4).

In addition to the information provided in the pre-closing tax returns as well as the financial statements from 2003 through the closing date, Defendants note that Tank Holdings also deposed Mr. Bell and Mr. Slinkard in their depositions regarding the pre-closing profitability of the Acquired Companies. Thus, Defendants argue that any relevance of the tax returns is cumulative of the information that has already been provided. (Response, p. 5).

The Court finds that Tank Holdings has demonstrated that the tax returns are relevant to the issues at hand and that there is a compelling need for such information. Although Tank Holdings already has significant documentation regarding the profitability of the Acquired Companies, Brian Bell's tax returns are the only documents that will disclose that profitability as stated to the IRS. The Court finds that Tank Holdings is entitled to compare the information provided to the IRS with the information is has already obtained. In addition, the Court holds that Tank Holdings is entitled to discovery regarding how the Bell Defendants reported to the IRS their loan or gift to the Slinkards. As this information cannot be obtained by any other means, the Court grants Tank Holdings' Motion to Compel as to Brian Bell's personal tax returns. Brian Bell should provide his personal tax returns for years 2008 to the present to Tank Holdings within seven (7) days of the date of this Order.

B. Slinkard Defendants

In the Motion to Compel, Tank Holdings also seeks the Slinkard Defendants' tax returns and the Slinkard Defendants' communications with the Bell Defendants regarding preparation of their tax returns.

1. Slinkard Defendants' Tax Returns

Tank Holdings alleges that the Slinkard Defendants, who were employed by the Acquired Companies, received payments from the Bell Defendants or one of their entities after the Bell Defendants had sold the Acquired Companies to Plaintiff. Specifically, two months after the sale, the Bell Defendants gave the Slinkard Defendants promissory notes totalling $2.45 million, but no payment has been demanded under these notes. Tank Holdings speculates that these payments could demonstrate the Slinkard Defendants' motivation for manipulating the Acquired Companies' financial records. Tank Holdings claims that the Slinkard Defendants' tax returns are relevant for two purposes: (1) to discover how the promissory notes were treated for tax purposes and (2) to discover if the Slinkard Defendants received any other payment from the Bell Defendants or their entities. Tank Holdings "concedes that the Slinkard Defendants' tax returns may not reflect that they reported the 'loans' as taxable income" but it claims that it should be allowed to verify if that is true. (Reply, p. 4). Tank Holdings also asserts that it has a compelling need for such information" because it has no other means of verifying how the Slinkard Defendants treated the "loans" for tax purposes and whether they reported any other income from the Bell Defendants. (Reply, p. 5).

In Response, Defendants assert that the Slinkard Defendants' tax returns are not relevant to this case. Defendants note that Mr. Bell and the Slinkards testified that the received loan payments from Mr. Bell. (Response, p. 6). Defendants state that Tank Holdings' only basis for claiming that it is entitled to Slinkard's tax returns to see whether the payments to the Slinkards

were characterized as "gifts," which is contrary to the promissory notes. (Id.). Defendants, however, note that the amounts received by the Slinkards are either loans or gifts, and not income, and therefore would not be reflected on the Slinkard Defendants' personal income tax returns. (Id.).

In addition, Defendants maintain that Tank Holdings has no "compelling need" for the Slinkard Defendants' personal tax returns and related documents." First, Defendants assert that the promissory notes speak for themselves and reflect that the notes are loans and not gifts. Second, Defendants contend that Tank Holdings could have requested information through discovery regarding whether any additional loans were made to the Slinkard Defendants and the tax returns are not the only means available.

The Court finds that Tank Holdings has not demonstrated a compelling need for the Slinkard Defendants' tax returns. First, the Court believes that the promissory notes speak for themselves and provide the best evidence of whether the payments were loans or gifts. In addition, Tank Holdings has had an opportunity to depose Mr. Bell and Mr. Slinkard regarding the payments. Catipovic v. Turley, C11-3074, 2013 WL 1718061, at *5 (N.D. Iowa Apr. 19, 2013)(denying motion to compel tax returns where "information [was] readily obtainable from another source"). Finally, the Court notes that Tank Holdings admits that the Slinkard Defendants' tax returns will not likely provide the information that Tank Holdings needs. Thus, the Court find that Tank Holdings has not demonstrated a compelling need because the Slinkard Defendants' tax returns probably will not yield the desired information and whatever information they may provide would be duplicative or cumulative of information already in Tank Holdings' possession. Tank Holdings' Motion to Compel is denied with respect to the Slinkard Defendants' tax returns.

### 2. Communications Regarding Preparation of Tax Returns

In request numbers 45 and 46, Tank Holdings requests that the Slinkard Defendants provide documents and communications related to preparation of the Bell Defendants' state and federal income tax returns from 2008 to the present. The Slinkard Defendants objected to these requests on the grounds that they were not reasonably calculated to lead to the discovery of admissible evidence and because they were not "in a position to produce or not produce the tax returns of the Bell Defendants." (Memorandum in Support of Plaintiff's Motion to Compel Discovery and Production of Documents ("Memorandum"), ECF No. 61, p. 7). Tank Holdings claims that the Slinkard Defendants waived the accountant-client privilege because they did not assert the privilege until more than nine months after responding to discovery requests. (Reply, p. 5). Likewise, Defendants never asserted such a privilege on their privilege log. (Id.).

In response, the Slinkard Defendants claim that they cannot provide this information because it is protected by the accountant-client privilege, which has not been waived. (Response, p. 7). Mo.Rev.Stat. §326.322.1 provides that "[e]xcept by permission of the client for whom a licensee performs services or the heirs, successors or personal representatives of such client, a licensee pursuant to this chapter shall not voluntarily disclose information communicated to the licensee by the client relating to and in connection with services rendered to the client by the licensee. The information shall be privileged and confidential[.]" Missouri statute further provides that "[a] licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client as to any communication made by the client to the licensee … or the licensee's advice, reports or working papers given or made thereon in the course of professional employment…. This privilege shall exist in all cases except when material to the defense of an action against a licensee." Mo.Rev.Stat. §326.322.2. The Slinkard

Defendants contend that the requested information relates to Chris Slinkard's work as the Bell Defendants' personal certified public accountant and is material to any of the parties' claims or defenses. (Response, pp. 7-8). Because the Bell Defendants have not waived this privilege, the Slinkard Defendants urge the Court to deny Tank Holding's Motion to Compel such information.

The Court finds that there has been no waiver of the accountant-client privilege in this case. See Ayers Oil Co. v. Am. Bus. Brokers, Inc., 2:09CV02 DDN, 2009 WL 2592154, at *2 (E.D. Mo. Aug. 20, 2009)("Missouri law expressly recognizes the accountant-client privilege. Mo.Rev.Stat. § 326.322."). Any waiver of the accountant-client privilege would have to be made by client, which the Court does not believe that the Bell Defendants have done. Ayers Oil Co., 2009 WL 2592154, at *2. The Court, therefore, denies Tank Holdings' Motion to Compel the Slinkard Defendants to provide documents and communications related to preparation of the Bell Defendants' state and federal income tax returns. Instead, the Court orders the Slinkard Defendants to provide a privilege log reflecting such communications within seven (7) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim-Defendant Tank Holdings, Inc.'s Motion to Compel Discovery and Production of Documents [60] is **GRANTED**, in part, and **DENIED**, in part. Brian Bell shall provide his personal federal and state income tax returns for years 2008 to the present within seven (7) days of the date of this Order. The Slinkard Defendants shall provide a privilege log reflecting communications regarding preparation of the Bell Defendants' tax returns within seven (7) days of the date of this Order.

Dated this 6th day of June, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**